**Halen Miranda UTAMA, Fannie Claudia Utama, Petitioners,**

**v.**

**Alberto GONZALES, Attorney General of the United States, Respondent.**

No. 06–3973–ag.

United States Court of Appeals, Second Circuit.

June 5, 2007.

H. Raymond Fasano, Madeo & Fasano, New York, NY, for Petitioner.

Anna Mills Wagoner, United States Attorney for the Middle District of North Carolina, Michael F. Joseph, Assistant United States Attorney, Greensboro, NC, for Respondent.

PRESENT: Hon. ROBERT D. SACK, Hon. SONIA SOTOMAYOR, and Hon. ROBERT A. KATZMANN, Circuit Judges.

### *SUMMARY ORDER*

Petitioners Halen Miranda Utama and Fannie Claudia Utama, natives and citizens of Indonesia, seek review of a July 27, 2006 order of the BIA affirming the February 13, 2004 decision of Immigration Judge ("IJ") Joanna Miller Bukszpan denying their applications for asylum and withholding of removal. *In re Utama*, Nos. A97 486 247, A97 484 957 (B.I.A. July 27, 2006), *aff'g* Nos. A97 486 247, A97 484 957 (Immig. Ct. N.Y. City Feb. 13, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA issues an opinion that fully adopts the IJ's decision, we review the IJ's decision directly. *See, e.g., Chun Gao v. Gonzales*, 424 F.3d 122, 124 (2d Cir.2005). We review the agency's factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will

vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005).

◼ As to the petitioners' asylum claims, we lack jurisdiction to consider the agency's finding that the Utamas' asylum applications were inexcusably time-barred, except to the extent that the petitioners raise constitutional claims or questions of law in their petition for review. *See* 8 U.S.C. §§ 1158(a)(3); 1252(a)(2)(D). Because the Utamas do not raise any constitutional claims or questions of law, their asylum claims are dismissed for lack of jurisdiction. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 330–31 (2d Cir.2006).

◼ As to the petitioners' withholding claims, the petitioners were required to demonstrate that they were more likely than not to face future threats to their lives or freedom. *See id.* at 332–33. We are unable to review the agency's conclusion that they did not meet this burden because the IJ failed to analyze to any extent the Utamas' allegations of past persecution. *See Ivanishvili v. U.S. Dep't of Justice,* 433 F.3d 332, 340–42 (2d Cir.2006). A finding of past persecution gives rise to a presumption of a future threat to the alien's life or freedom, 8 C.F.R. § 1208.16(b)(1), and absent any determination as to past persecution, it is impossible to determine whether this presumption applied, *see id.* at 339, 342.

Our ability to review the agency's decision is also frustrated by the IJ's failure to make an explicit credibility determination. *See Diallo v. INS,* 232 F.3d 279, 287–88 (2d Cir.2000). Although the IJ stated that the respondent's testimony has [not] been such to prove that she is even a Christian, her ultimate opinion regarding Halen's testimony was, "I find her credible." While the IJ may have intended to credit the testimony only to the extent it was based on the Utamas' ethnicity, the IJ did not explicitly make a bifurcated credibility finding. On remand, the IJ should make an explicit credibility determination and then, based on the testimony she deems credible, determine whether the petitioners experienced past persecution.

After making that determination, the IJ should then make the ultimate determination of whether petitioners have satisfied the standard of proof relevant to withholding claims, that is, a "clear probability" that petitioners will suffer persecution in the proposed country of removal. *See Ivanishvili,* 433 F.3d at 342.

For the foregoing reasons, the petition for review is DISMISSED, in part, and GRANTED, in part; the BIA's order is VACATED, in part; and the case is REMANDED, in part. Having completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.